## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LI CHANG,
 Lanxi City, Yunshan Street, Qinghe
Road, No# 933, Beichen Garden,
Jinhua, Zhejiang, 321100, China

   Plaintiff,

v.

UNITED STATES DEPARTMENT OF
STATE,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

U.S. CONSULATE, SHANGHAI, CHINA

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

ANTONY BLINKEN, United States Secretary
of State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;

JAMES HELLER, Consul General of the
United States at the U.S. Consulate, Shanghai,
China,

Serve:  Executive Office

Case No. 1:21-cv-2388

Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S NON-IMMIGRANT VISA APPLICATION

COMES NOW Plaintiff Li Chang to respectfully request a hearing before this Honorable Court to make a determination on Plaintiff's non-immigrant visa application, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed non-immigrant visa application.

## PARTIES

1.      Plaintiff Li Chang is a citizen of China.

2.      Plaintiff is the beneficiary of an approved F2 non-immigrant visa.

3.      Plaintiff paid the applicable visa fees and submitted all necessary documents to the Defendants.  The case was assigned Case Number AA008XGXXL.

4.      The State Department conducted Li Chang's visa interview on or about July 24, 2019.

5.      The Defendants refuse to issue the non-immigrant visa to Plaintiff.

6.      Defendants continue to refuse to issue the visa and refuse to provide information as to when, if ever, the visa may be issued.  This has produced a tremendous hardship on the Plaintiff.

7.      Defendant Department of State (hereinafter sometimes referred to as "the DOS")

is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Consulate of the United States in Shanghai, China, and which is responsible for implementing the non-immigrant visa provisions of the law.

8.      Defendant Consulate of the United States in Shanghai, China (hereinafter sometimes referred to as "the Consulate") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

9.      Defendant Antony Blinken, Secretary of State, is the highest ranking official within the DOS.  Blinken is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Blinken is sued in his official capacity as an agent of the government of the United States.

10.     Defendant James Heller, Consul General of the Consulate of the United States in Shanghai, China.  They are being sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

11.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the

Defendants all maintain offices within this district.

13.     This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Plaintiff's visa application.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

14.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

15.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."   5 U.S.C. § 555(b).   Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

16.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

17.     The Defendants claim that the visa application filed by Plaintiff is currently undergoing "administrative processing."

18.     Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the visa applications.

19.     The combined delay and failure to act on the visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA

- 4 -

and the applicable rules and regulations.

20.     There are no alternative adequate or reasonable forms of relief available to Plaintiff.

21.     Plaintiff has exhausted all administrative remedies available to Plaintiff in pursuit of a resolution of this matter, including repeatedly requesting the processing of Plaintiff's case with the Defendants.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

22.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

23.     The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

24.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

25.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by denying Plaintiff the ability to come to the U.S. to fulfill the purpose of the non-immigrant visa, which is to allow Plaintiff to be with her husband while he pursues his Ph.D. studies at Stony Brook University. Plaintiff and her husband were married in January 2019 and have now been separated for more than two years because of this delay.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Li Chang requests the following relief:

1.      That this Honorable Court assume jurisdiction over this action;

2.      That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3.      That this Honorable Court take jurisdiction of this matter and adjudicate the visas pursuant to this Court's declaratory judgment authority;

4.       That this Honorable Court issue a writ of mandamus compelling Defendants to issue the visas;

5.      That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the visa application;

6.      Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7.      Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
September 10, 2021


***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Immigration Law, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

- 6 -

**ATTORNEYS FOR PLAINTIFF**
**LI CHANG**